IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY O'NEAL CROOMES, )<br>)<br>    Plaintiff,                )<br>)<br>v.                                    )<br>)<br>CAROLYN W. COLVIN,    )<br>*Acting Commissioner of Social Security*,  )<br>)<br>    Defendant.               ) | Civil Action No. 14-00509-CG-N |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed this action to appeal an unfavorable benefits decision of the Commissioner of Social Security. Doc. 1. This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated March 12, 2015, it is recommended that this action be dismissed without prejudice.

On November 5, 2014, this Court issued a Social Security Scheduling Order instructing the Plaintiff to file a brief within 30 days of the filing of the transcript and answer by the Defendant. Doc. 5 at 1. The Defendant filed its Answer and the Social Security Transcript on February 4, 2015, making the original deadline for the Plaintiff's brief March 6, 2015. Docs. 10, 11. The Plaintiff failed to file a brief by the original deadline. On March 12, 2015, the Court extended the deadline until March 27, 2015, for Plaintiff to file the brief and cautioned the Plaintiff that failure to

comply could result in dismissal without prejudice for failure to comply. Doc. 12. The Plaintiff has not responded to the Court's Order, though the Order was delivered by Certified Mail and signed for by the Plaintiff on March 17, 2015. Docs. 12-1, 13. Due to this failure, the Court construes the lack of a response as an indication that Plaintiff is no longer interested in proceeding with his action.

As a consequence of Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court=s inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 10th day of April 2015.

                                                */s/ Katherine P. Nelson*
                                                **KATHERINE P. NELSON**
                                                **UNITED STATES MAGISTRATE JUDGE**